# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

FILED JUN - 4 2018 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

Scott Kent,
    Petitioner,

v.                              1:15cv1717 (CMH/IDD)

Virginia Dept. of Corrections,
    Respondent.

## MEMORANDUM OPINION

Scott Kent, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions of four counts of extortion in writing and three counts of obstruction of justice entered in the Circuit Court of the City of Williamsburg and County of James City. The procedural history of this civil action is somewhat complicated. By Order dated June 3, 2016, the original petition was dismissed, in its entirety, for failure to exhaust all the claims before the Supreme Court of Virginia. Dkt. No. 11. Petitioner appealed the June 3, 2016 Order, and on August 11, 2017, the United States Court of Appeals for the Fourth Circuit vacated in part and remanded, affirmed in part as modified, and dismissed in part. Appeal No. 16-6802. Specifically, the Fourth Circuit found that petitioner had exhausted his evidentiary insufficiency claims as to his extortion convictions and remanded for further proceedings.[1] Id.

On October 23, 2017, petitioner moved to amend his petition to "clarify the constitutional claims upon which his grounds rely, relative to the insufficiency of evidence, without significantly expanding or altering the scope of this action," and by Order dated December 5,

---

[1] The Fourth Circuit affirmed, as modified, the dismissal of petitioner's evidentiary insufficiency claims as to his obstruction convictions, and denied a certificate of appealability as to petitioner's remaining claims. Id.

2017, petitioner's motion to amend was granted. Dkt. No. 40; see Wolfe v. Clarke, 691 F.3d 410, 422 (4th Cir. 2012) (holding it was not error for trial court to allow petitioner to amend § 2254 petition on remand where "mandate explicitly authorized the district court to conduct 'such other and further proceedings as may be appropriate'").

Respondent filed a Motion to Dismiss Amended Petition and Rule 5 Answer, along with a supporting brief and exhibits. Dkt. Nos. 43-45. Petitioner has filed a response. Dkt. No. 50. This matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed.

## I. Background

The record reflects the following. Petitioner is detained pursuant to a final judgment of the Circuit Court of the City of Williamsburg and County of James City, entered September 5, 2013. Case Numbers CR22147-00 to CR22150-00. Petitioner was convicted, after a bench trial, of four counts of extortion in writing, in violation of Virginia Code § 18.2-60,[2] and three counts of obstruction of justice, in violation of Virginia Code § 18.2-460. Id. Petitioner was sentenced to twenty-three (23) years imprisonment, with twenty-two (22) years suspended. Id.

---

[2] Virginia Code § 18.2-60 states, in relevant part:

Any person who knowingly communicates, in a writing, including an electronically transmitted communication producing a visual or electronic message, a threat to kill or do bodily injury to a person, regarding that person or any member of his family, and the threat places such person in reasonable apprehension of death or bodily injury to himself or his family member, is guilty of a Class 6 felony.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia, which was denied on April 1, 2014, and again by a three judge panel on July 22, 2014. Record No. 1913-13-1. On direct appeal, the Court of Appeals of Virginia stated the facts as follows.[3]

> On October 11, 2012, Dannette Skelly and [petitioner] were scheduled to appear in court for a hearing on Skelly's motion to reduce [petitioner's] visitation rights with their daughter. Skelly testified that [petitioner] was upset and angry about the hearing and that he opposed any reduction in his visitation rights. Skelly had numerous witnesses scheduled to appear on her behalf at the hearing. In addition, her parents planned to attend the hearing and had been present at prior hearings.
>
> A few hours prior to the time of the hearing, Skelly received a text message stating, "Show up in court and you're dead." She did not recognize the phone number from which the message was sent. In addition Skelly's witnesses, Angela Mills, Michael Riley, and Ronald Fino, also received threatening text messages prior to the start of the hearing that were sent from the same telephone number as the message that was sent to Skelly. Evidence was presented that [petitioner] had access to the cell phone numbers of these witnesses.
>
> The text message to Fino stated, "You don't know who you are fucking with. I was a ranger. I will end you with one move." Evidence was presented that [petitioner] had once been an army ranger. Fino was a private detective retained by Skelly in the case, and he testified about an encounter he once had with [petitioner] in which [petitioner] was hostile, screamed at him, and brandished a firearm. The text messages sent to Riley and Mills both stated, "Show up in court and you're dead."
>
> Skelly stated that after she received the text message, she was scared she would be hurt and she filed for a protective order against [petitioner]. Fino stated he felt as if someone was "out to get" him "physically" based on the content of the text message he received. Mills stated she felt threatened and was anxious, nervous, and scared. Riley testified he was worried and scared that [petitioner] would damage him or his property. Riley also stated he had received text messages from [petitioner] in the past referencing "showing up in court." Riley testified [petitioner] had sent him threatening text messages from different phone numbers in the past.
>
> Skelly's parents, Gail and Edmond Skelly, were not witnesses at the hearing. However, prior to the hearing, they both received a text message from the same telephone number as the other witnesses. In each instance, the message said, "You better control your bitch ass daughter because if you don't, if I lose my

---

[3] Because the order of the Court of Appeals of Virginia was the last reasoned state court decision on petitioner's claims, its reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).

3

daughter, you will lose yours for good." [Petitioner] had sent text messages to Gail and Edmund Skelly in the past. Gail Skelly stated she was "mortified" and "very, very frightened" for her daughter when she read the message.

At trial, [petitioner] denied he sent the text messages to the witnesses. [Petitioner] also denied he ever sent Skelly's parents a text message stating they needed to "control" Skelly. However, Gail Skelly testified in rebuttal that she received two text messages from a number she knew as [petitioner's] phone number that said, "Start by controlling your out-of-control daughter" and "Be a parent and get her under control."

Id. The Supreme Court of Virginia subsequently refused the petition for appeal on January 29, 2015. Record No. 141258.

On December 17, 2015, petitioner filed the instant federal petition.[4] As stated above, the only remaining claims are petitioner's insufficiency of the evidence claims as to his extortion convictions. In his amended petition, petitioner states his claims as follows.

> 1. The evidence at trial was constitutionally and legally insufficient to support the convictions of extortion in writing where the Commonwealth presented insufficient evidence to prove the alleged threatening text messages in fact existed.
>
> 2. The evidence at trial was constitutionally and legally insufficient to support the convictions of extortion in writing where the Commonwealth presented insufficient evidence to prove the petitioner sent the alleged threatening text messages.
>
> 3. The evidence at trial was constitutionally and legally insufficient to support the convictions of extortion in writing where the Commonwealth's evidence did not conclusively rule out the petitioner's reasonable hypothesis of innocence.
>
> 4. The evidence at trial was constitutionally and legally insufficient to support the convictions of extortion in writing where the Commonwealth's evidence relied heavily on improperly allowed and inconclusively established habit or pattern of conduct evidence to-wit: the petitioner['s] alleged use [of] the word "control" and the phrase "control your daughter."

Dkt. No. 41.

---

[4] On May 5, 2016, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia which was dismissed as untimely by order dated October 31, 2016. Record No. 160704.

4

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an

5

objective one. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

Petitioner argues that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the trial court's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Petitioner's first claim is that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt because there was no physical evidence that the text messages were ever sent or received. Dkt. No. 41 at 17-18. Specifically, petitioner argues that none of the

6

witnesses produced the phones that contained the messages, the Commonwealth did not provide business records establishing the sending or receiving of the text messages, and there was no proof that the unknown number (the number from which the text messages were sent) was ever a valid, working phone number. Id. Petitioner also argues that there was no physical evidence that the text messages contained any threat of death or bodily injury. Id. Rather, petitioner states, the only evidence was the testimony of the Commonwealth's witnesses, "who either openly harbored animosity toward [p]etitioner or who were opposed, adversely, to [petitioner]." Id. at 18.

Petitioner's second insufficiency of the evidence claim is that there was no proof that he sent the text messages. Id. at 19. Specifically, petitioner argues that the only evidence at trial was the assumptions of the witnesses, who were biased against him. Id. On the other hand, petitioner asserts, (1) the evidence at trial established that the witnesses did not associate the unknown number with petitioner; (2) there was no evidence that the unknown number was registered in petitioner's name; (3) the fact that petitioner was an army ranger, as well as the familial relationships between the parties, was known to everyone involved; (4) petitioner's witness testified that he was with petitioner at the time the text messages were sent, and he did not see petitioner using a cell phone during that time period; (5) petitioner had no motive to send the messages because he thought there was no chance he would lose visitation during the October 11, 2012 hearing; and (6) petitioner did not know who was scheduled to testify at the October 11, 2012 hearing. Id. at 19-21. Thus, petitioner argues, the evidence was insufficient to establish, beyond a reasonable doubt, that he sent the text messages.

Petitioner's third insufficiency of the evidence claim is that the Commonwealth's circumstantial evidence failed to overcome his hypotheses of innocence, which are that (1) the

messages were fabricated, (2) one of the witnesses sent the messages, and (3) an unknown person sent the messages. Id. at 22. Petitioner's fourth insufficiency of the evidence claim is that Gail Skelly's testimony regarding previous text messages she received from petitioner in which he used the word "control" or the phrase "control your daughter" is insufficient to establish that he sent the text messages because (1) she only testified about two text messages out of several hundred she received from petitioner over a period of years, and (2) they are commonly used words.[5] Id. at 28.

The Court of Appeals of Virginia denied petitioner's insufficiency of the evidence claims as to his extortion convictions on direct appeal,[6] stating:

> The trial court accepted the testimony of the Commonwealth's witnesses that they received the text messages they described. ...
>
> The evidence showed Skelly, her parents, and Skelly's witnesses received text messages from the same phone number just prior to the child visitation hearing about which appellant was very upset. Most of the text messages referenced either the court hearing or the loss of a daughter. The text messages to Skelly and two of her witnesses indicated they would die if they came to court. One of the witnesses stated he had previously received threatening text messages from [petitioner]. The text messages to Skelly's parents indicated they would "lose" their daughter if the sender "lost [his] daughter." Significantly, the sender referred to himself as a ranger in one of the messages and he mentioned the possibility of losing his daughter in the text messages to Skelly's parents. [Petitioner] had been a ranger in the army, and he was facing a contentious visitation hearing concerning his daughter.
>
> From the totality of these circumstances, the trial court could conclude [petitioner] sent the threatening text messages to the Commonwealth's witnesses. ...

---

[5] Petitioner appears to argue in the amended petition that admission of this evidence was an abuse of the trial court's discretion; however, in his opposition to the Motion to Dismiss, petitioner clarifies that he is not challenging the admissibility of this testimony, but only that it was insufficient to prove that petitioner sent the text messages. Dkt. No. 41 at 28; Dkt. No. 50 at 2. Because petitioner has clarified that he is only asserting an insufficiency of the evidence claim, rather than an admissibility of the evidence claim, and it has been established that petitioner exhausted his insufficiency of the evidence claims as to his extortion convictions, respondent's argument that this claim is barred need not be addressed.

[6] Petitioner's insufficiency of the evidence claims as to the extortion convictions were presented as one claim on direct appeal.

8

> Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses.

Record No. 1913-13-1. "An objectively reasonable application of the <u>Jackson</u> standard requires that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume ... that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" <u>Williams v. Ozmint</u>, 494 F.3d 478, 490 (4th Cir. 2007) (quoting <u>Jackson</u>, 443 U.S. at 326). In addition, "circumstantial evidence need not exclude every reasonable hypothesis of innocence. Rather circumstances altogether inconclusive, if separately considered, may, by their number and joint operation be sufficient to constitute conclusive proof." <u>Evans-Smith v. Taylor</u>, 19 F.3d 899, 909 (4th Cir. 1994) (internal quotation marks, citations, and alteration omitted).

As to petitioner's first claim, each witness testified as to receiving a text message, the content of the text message, and the phone number the text message was received from. Accordingly, based on this testimony, any rational trier of fact could have found that the text messages were sent and received from the numbers specified, and that they contained a threat of death or bodily injury.

Petitioner's second, third, and fourth claims all go to the issue of whether there was sufficient evidence that petitioner sent the text messages rather than someone else. Although there was conflicting testimony regarding whether petitioner sent the text messages, it is presumed that the trial court resolved these conflicts in favor of the Commonwealth, and thus deference is due.[7]

---

[7] Petitioner's argument, in his opposition, that the trial court was "confused" about the evidence is unsupported by the trial record, and therefore, is of no moment.

9

In addition, the evidence established that petitioner had sent messages using the same phrasing in the past. The sender of the messages referenced a court hearing and referred to himself as an army ranger, as well as potentially losing his daughter. The evidence at trial established that petitioner was an army ranger[8] and was in danger of losing visitation rights with his daughter at the October 11, 2012 court hearing. Thus, taken together, the circumstantial evidence is such that any rational fact finder could have found that petitioner sent the text messages rather than someone else. Finally, the evidence "need not exclude every reasonable hypothesis of innocence."

Thus, the state court's decision is not objectively unreasonable, nor is it contrary to or an unreasonable application of established federal law. The decision is also not based on an unreasonable determination of the facts, and the petition will be dismissed.

## IV. Evidentiary Hearing

On habeas corpus review of claims adjudicated on the merits, the federal court's review is limited "to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Therefore, the claims presented in this federal habeas corpus petition must be adjudicated based upon the record developed in the state court proceedings, and petitioner's request for an evidentiary hearing will be denied.

## V. Conclusion

Because petitioner's claims were adjuducated on the merits, petitioner's request for an evidentiary hearing will be denied. In addition, nothing in the state court record indicates that the state court decision regarding the sufficiency of the evidence as to petitioner's extortion convictions was objectively unreasonable, contrary to or an unreasonable application of

---

[8] Despite petitioner's assertion, in his opposition, that he was not an army ranger, the uncontradicted testimony at trial was that he was an army ranger.

10

established federal law, or based on an unreasonable determination of the facts. Accordingly, this petition will be dismissed, with prejudice, by an Order to be issued with this Memorandum Opinion.

Entered this 4th day of June 2018.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia